UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KENNETH ANTWAN ARTIS,　　　　　　　　　　Case No. 1:25-cv-00623

　　　　Plaintiff,　　　　　　　　　　　　Hon. Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　U.S. District Judge
　　v.

MICHAEL J. SEPTER, et al.,

　　　　Defendants
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

On June 4, 2025, *Pro se* Plaintiff Kenneth Antwan Artis filed a civil complaint against Dr. Michael J. Septer. (ECF No. 1.) Artis was granted *in forma pauperis* status on June 5, 2025. (ECF No. 4.)

Artis brings this action under 42 U.S.C. § 1983 asserting a Fourteenth Amendment claim and a claim under the Americans with Disabilities Act (ADA). Artis alleges that Defendant Dr. Septer is employed by Family Health Partners in Grand Rapids, Michigan. (ECF No. 1, PageID.1.) Artis says that he was treated by Dr. Septer for approximately three years for chronic pain, ADHD, bipolar disorder, and other serious conditions. (*Id*.) Artis says that around May 20, 2025, he was under a 14-day quarantine due to a viral exposure. (*Id*., PageID.1-2.) Artis contacted Dr. Septer's office to request a telehealth appointment to renew his prescription medications, but the request was denied by Dr. Septer's office. (*Id*.) Instead, he was provided with partial renewals of his prescription medications. (*Id*.)

1

Then, Artis says that Dr. Septer's office "issued a no-trespass order and contacted law enforcement, terminating the doctor-patient relationship and denying access to further care." (*Id.*, PageID.2.)   Artis complained that this action violated his due process rights under the Fourteenth Amendment and under the ADA "by failing to make reasonable accommodations during quarantine." (*Id.*)

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

2

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 1982).

In order for a private party's conduct to be under color of state law, it must be fairly attributable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be a sufficiently close nexus between the State and the challenged action of the defendant so that the action of the latter may be fairly treated as that of the State itself. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Artis has failed to meet this standard. Artis has asserted no factual allegations that would indicate that Dr. Septer is a state actor. Rather, the complaint asserts facts that show that Dr. Septer

is a private health care provider.[1]  In the opinion of the undersigned, Artis's Fourteenth Amendment claim fails as a matter of law.

Similarly, it is recommended that the Court find that Artis has failed to state a claim upon which relief may be granted under the ADA. Artis simply alleges that Dr. Septer's office failed to make reasonable accommodations while he was on quarantine status. As an initial matter, Artis alleges that Dr. Septer offered partial renewals of his medications. And although Artis says that Dr. Septer did not renew critical medications, Artis does not explain which medications Dr. Septer failed to renew.[2]

In addition, Artis does not present any factual allegations setting forth the basis for the alleged termination of the doctor patient relationship.

Title III of the ADA provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[1] Moreover, the fact that a Defendant may receive public funding and is licensed by the state does not render them state actors for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated schools receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315–16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action).

[2] In fact, Plaintiff's complaint reads simply as a disagreement with the Dr. Septer's opinion regarding his medical treatment. Plaintiff asserts that he was prescribed Hydrocodone (narcotic pain medication), Adderall (ADHD medication), Lyrica (neuropathic pain medication), and Acetaminophen (pain medication), but he does not state which medications were renewed and not renewed.

4

>advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12188(a).

To state a claim under Title III, a plaintiff must allege (1) that he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against him by denying him a full and fair opportunity to enjoy the services defendants provide. *Powell v. Columbus Med. Enterprises, LLC*, No. 21-3351, 2021 WL 8053886, at *2 (6th Cir. Dec. 13, 2021) (*citing Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)).

A "professional office of a health care provider" is considered a public accommodation under the ADA. 42 U.S.C. § 12181(7)(F). Even assuming that Artis is considered disabled due to "chronic pain, ADHD, bipolar disorder, and other serious conditions," he fails to assert sufficient facts showing that he was denied medical treatment based on his disability. (ECF No. 1, PageID.1.) Although it is not entirely clear from the complaint, a fair reading of his complaint shows that Artis received care from Dr. Septer for three years without issue, and then a breakdown in the relationship occurred based upon a disagreement with Dr. Septer's failure to renew a prescription medication or medications. However, an apparent refusal to prescribe a specific medication "sounds in medical malpractice, which, 'by itself, does not state a claim under the ADA.'" *Powell*, at *2 (*citing Jones v. Willie*, No. 15-5658, 2016 U.S. App. LEXIS 23617, at *8 (6th Cir. Jan. 28, 2016)). *See also, Stevenson v. Pramstaller*, No. 2:08-cv-79, 2009 WL 1883878m, at *3 (W.D.

Mich., June 30, 2009) (dismissing ADA claim regarding treatment where plaintiff alleged "that he [was] not being treated for Hepatitis because he [had] Hepatitis").[3]

In the opinion of the undersigned, Artis's ADA claim fails to state a claim upon which relief may be granted.

### IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because Artis has failed to state a claim upon which relief may be granted.

Dated:  July 2, 2025                         /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[3] Further monetary damages are not available under Title III of the ADA.  *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999).  Injunctive relief is the only available remedy under Title III.  *E.F. by Fry v. Napoleon Cmty. Schs.*, No. 12-1507, 2019 WL 4670738, *8 (E.D. Mich. Sept. 25, 2019).